1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

LADRINA Y. DAVIS,

11

Plaintiff,

CASE NO. 2:17-CV-01552-DWC

12

v.

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13

NANCY A BERRYHILL, Deputy
Commissioner of Social Security for

14

Operations,

15

Defendant.

16

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

17

Defendant's denial of her applications for supplemental security income ("SSI") and disability

18

insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73

19

and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned

20

Magistrate Judge. *See* Dkt. 2.

21

After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

22

erred when she failed to provide specific, legitimate reasons supported by substantial evidence

23

for giving little weight to the medical opinions of Drs. Chinyere Obimba, Arthur Davis, and

24

1 Kathleen Andersen. Had the ALJ properly considered the opinions of these three doctors, the

2 residual functional capacity ("RFC") may have included additional limitations. The ALJ's errors

3 are therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of

4 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security ("Commissioner") for further

5 proceedings consistent with this Order.

6 <u>FACTUAL AND PROCEDURAL HISTORY</u>

7      On July 29, 2011, Plaintiff filed applications for DIB and SSI, alleging disability as of

8 May 27, 2010. *See* Dkt. 9, Administrative Record ("AR") 60, 312, 881 (Plaintiff amended her

9 disability onset date from May 28, 2011 to May 27, 2010 at the first ALJ hearing). The

10 applications were denied upon initial administrative review and on reconsideration. *See* AR 881.

11 On May 1, 2013, ALJ Ilene Sloan found Plaintiff not disabled. AR 32-49, 881. The Appeals

12 Council denied Plaintiff's administrative appeal, making the ALJ's opinion the final decision of

13 the Commissioner. *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481. Plaintiff appealed to the

14 United States District Court for the Western District of Washington, which remanded the case

15 for further proceedings. *See* AR 989-1002; *Davis v. Colvin*, 2:14-CV-1484-RSM-JPD (W.D.

16 Wash.).

17      On remand, Plaintiff received a second hearing before ALJ Sloan, who again found

18 Plaintiff not disabled. AR 881-97, 908-45. Plaintiff did not request review of the ALJ's decision

19 by the Appeals Council, making the ALJ's June 21, 2017 decision the final decision of the

20 Commissioner. *See* AR 879. Plaintiff now appeals the ALJ's June 21, 2017 decision finding

21 Plaintiff not disabled.[1]

22

23 _____

24     [1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to the ALJ's
June 21, 2017 decision.

1      In the Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly

2  consider the medical opinion evidence; and (2) provide clear and convincing reasons for

3  discounting Plaintiff's subjective symptom testimony. Dkt. 13, p. 1. Plaintiff requests the Court

4  remand this case for an award of benefits. *Id*. at p. 18.

5                                STANDARD OF REVIEW

6      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

7  social security benefits if the ALJ's findings are based on legal error or not supported by

8  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

9  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

10                                    DISCUSSION

11  **I.      Whether the ALJ properly considered the medical opinion evidence.**

12      Plaintiff contends the ALJ erred in her evaluation of the medical opinions of Drs.

13  Chinyere Obimba, M.D., Arthur Davis, Ph.D., and Kathleen Andersen, M.D., and Physician's

14  Assistant Jeannie Chang. Dkt. 13, pp. 9-18.

15      A.  *Acceptable Medical Sources*

16      Plaintiff first asserts the ALJ failed to provide specific and legitimate reasons supported

17  by substantial evidence for discounting the medical opinions of Drs. Obimba, Davis, and

18  Andersen. Dkt. 13, pp. 9-13, 14-19.

19      The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

20  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

21  1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

22  502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

23  opinion can be rejected "for specific and legitimate reasons that are supported by substantial

24

1  evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

2  1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

3  accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

4  clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

5  F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

6          1.   Dr. Obimba

7          On February 1, 2016, Plaintiff's treating physician, Dr. Obimba, wrote a letter stating

8  Plaintiff was unable to work at that time due to an inability to control her pain. AR 1778-79. She

9  opined it would take Plaintiff one to two years to control her impairments to the point she could

10  return to work. AR 1778.

11          Dr. Obimba also wrote a letter and completed a Medical Assessment of Ability to do

12  Work-Related Activities (Physical) and a Mental Impairment Questionnaire on December 15,

13  2016. AR 1911-17. Dr. Obimba opined that Plaintiff's fibromyalgia, asthma, anxiety, and

14  depression caused functional limitations. AR 1911-17. She found Plaintiff had the following

15  limitations:

16      • Plaintiff can lift less than ten pounds occasionally;
        • Plaintiff can stand two to four hours in an eight hour day;

17      • Plaintiff can sit, so long as she can periodically alternate between sitting and
          standing;

18      • Plaintiff is unable to walk more than two to four hours at a time for any
          employment;

19      • Plaintiff would not be able to work with chemicals, dust, or fumes;
        • Plaintiff's impairments restrict her ability to push, pull, reach, feel, hear, and

20        speak;
        • Plaintiff can occasionally climb and handle, but can never balance, stoop, crouch,

21        kneel, or crawl;
        • Plaintiff's mental impairments worsen her physical pain and make it difficult for

22        her to concentrate and communicate effectively.

23

24

1 AR 1911-15. Overall, Dr. Obimba opined that Plaintiff would be unable to keep pace in

2 employment above a maximum of two hours and would not be able to work for two consecutive

3 days in a row. AR 1912.

4      The ALJ assigned little weight to Dr. Obimba's opinions because the opinions: (1) "are

5 inconsistent with the objective clinical findings, the claimant's longitudinal treatment history,

6 and her performance on physical and mental examinations;" (2) did not provide specific

7 functional limitations; (3) are conclusory; (4) infringe on an issue reserved to the Commissioner;

8 and (5) are based, in part, on Plaintiff's self-reports. AR 892-95.

9      First, the ALJ stated Dr. Obimba's opinions "are inconsistent with the objective clinical

10 findings, the claimant's longitudinal treatment history, and her performance on physical and

11 mental examinations." AR 894. An ALJ need not accept an opinion which is inadequately

12 supported "by the record as a whole." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d

13 1190, 1195 (9th Cir. 2004). However, "an ALJ errs when he rejects a medical opinion or assigns

14 it little weight while doing nothing more than ignoring it, asserting without explanation that

15 another medical opinion is more persuasive, or criticizing it with boilerplate language that fails

16 to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th

17 Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit

18 has stated:

19
20
21
     To say that medical opinions are not supported by sufficient objective findings or
are contrary to the preponderant conclusions mandated by the objective findings
does not achieve the level of specificity our prior cases have required, even when
the objective factors are listed seriatim. The ALJ must do more than offer his
conclusions. He must set forth his own interpretations and explain why they,
rather than the doctors', are correct.

22
*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

23

24

1       Here, the ALJ provided a list of medical records detailing Plaintiff's medical treatment

2 and testing. *See* AR 894. The ALJ, however, failed to provide her interpretation of the evidence

3 and did not provide any explanation as to how Dr. Obimba's opinions were contradicted by the

4 cited evidence. *See* AR 894. Without more, the ALJ has failed to meet the level of specificity

5 required, and the ALJ's conclusory finding that Dr. Obimba's opinions "are inconsistent with the

6 objective clinical findings, the claimant's longitudinal treatment history, and her performance on

7 physical and mental examinations" not sufficient to discount the opinions. *See Embrey*, 849 F.2d

8 at 421 (an ALJ cannot merely state facts the ALJ claims "point toward an adverse conclusion and

9 make[] no effort to relate any of these objective factors to any of the specific medical opinions

10 and findings he rejects").[2]

11       Second, the ALJ discounted Dr. Obimba's opinions because the opinions did not contain

12 specific functional limitations. AR 895. The ALJ failed to provide any explanation for this

13 finding. *See* AR 895; *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the

14 ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may

15 afford the claimant meaningful review of the SSA's ultimate findings."). Further, as discussed

16 above, Dr. Obimba opined that Plaintiff had very specific functional limitations, including, but

17 not limited to, sitting, standing, walking, lifting, carrying, climbing, stooping, bending, kneeling,

18 crouching, crawling, and balancing. AR 1911-17. Dr. Obimba also found Plaintiff's mental

19 health impairments limited her ability to concentrate and communicate effectively. AR 1911-17.

20 The ALJ fails to explain how Dr. Obimba's opinions lack functional limitations and the ALJ's

21

22       [2] The Court also notes records cited to by the ALJ are not inconsistent with Dr. Obimba's opinions. For
example, in discounting Dr. Obimba's opinions the ALJ noted Plaintiff was continuing to improve with acupuncture
23 and was reducing her pain medication. AR 894. These findings are consistent with Dr. Obimba's opinions, wherein
Dr. Obimba acknowledged Plaintiff was exercising, receiving relief and increased functioning with acupuncture, and
24 tapering off her pain medication, but found Plaintiff was still unable to work. AR 1778.

1  finding is contradicted by the record. Therefore, the ALJ's second reason for assigning little

2  weight to Dr. Obimba's opinions is not legitimate, nor supported by substantial evidence.

3         Third, the ALJ discounted Dr. Obimba's opinions because "the assessments were

4  conclusory." An ALJ need not accept an opinion "if that opinion is brief, conclusory, and

5  inadequately supported by clinical findings." *Batson*, 359 F.3d at 1195; *Bayliss*, 427 F.3d at

6  1216; *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, however, Dr.

7  Obimba provided detailed opinions. She provided written letters explaining her opinion and she

8  attached medical assessment forms detailing Plaintiff's limitations. *See* AR 1778-79, 1911-17.

9  Furthermore, a treating physician's check-box form cannot be rejected if the opinion is supported

10 by treatment notes. *Esparze v. Colvin*, 631 Fed. App'x 460, 462 (9th Cir. 2015). Dr. Obimba is

11 Plaintiff's treating physician and the record contains treatment notes and objective testing from

12 the clinic where Dr. Obimba practices. *See* AR 378-458, 476-93, 497-557, 1413-1535, 1538-41,

13 1749-77. As Dr. Obimba provided detailed reasons supporting her opinions and as the treatment

14 notes from the clinic where she practices were included in the record, the ALJ's third reason for

15 discounting Dr. Obimba's opinions is not valid.

16        Fourth, the ALJ assigned little weight to Dr. Obimba's opinions because the opinions

17 infringed on an issue reserved for the Commissioner. AR 895. According to the Ninth Circuit,

18 "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate

19 issue of disability - the claimant's ability to perform work.'" *Garrison v. Colvin*, 759 F.3d 995,

20 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). A doctor's statement that a claimant

21 "would be 'unlikely' to work full time" was not a finding on an issue reserved to the

22 Commissioner, and is "instead an assessment, based on objective medical evidence, of [the

23

24

1  claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d

2  1153, 1160 (9th Cir. 2012) (emphasis in original).

3      In this case, Dr. Obimba found that, in light of Plaintiff's impairments and functional

4  limitations, Plaintiff was unable to sustain full-time employment. *See* AR 1911-12. Dr. Obimba

5  further explained Plaintiff would not be able to work for two consecutive days because of her

6  impairments. AR 1912. After reviewing Dr. Obimba's opinions, the Court concludes Dr.

7  Obimba's opinions were an assessment, based on her relationship with Plaintiff, of Plaintiff's

8  likelihood of being able to maintain employment. Therefore, the ALJ's fourth reason for giving

9  little weight to Dr. Obimba's opinions is not specific and legitimate. *See Reddick*, 157 F.3d at

10  725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted))

11  (Although "'the administrative law judge is not bound by [ ] opinions of the claimant's

12  physicians on the ultimate issue of disability," she cannot reject an opinion on disability without

13  presenting specific and legitimate reasons supported by substantial evidence).

14      Fifth, the ALJ assigned little weight to Dr. Obimba's opinions because the opinions were

15  based, in part, on Plaintiff's self-reports. AR 895. An ALJ may reject a physician's opinion "if it

16  is based 'to a large extent' on a claimant's self-reports that have been properly discounted as

17  incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v.*

18  *Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable

19  from one in which the doctor provides his own observations in support of his assessments and

20  opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)

21  ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's

22  opinion by questioning the credibility of the patient's complaints where the doctor does not

23  discredit those complaints and supports his ultimate opinion with his own observations"); *see*

24

1    *also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). "[W]hen an opinion is not more

2    heavily based on a patient's self-reports than on clinical observations, there is no evidentiary

3    basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing

4    *Ryan*, 528 F.3d at 1199-1200).

5         The ALJ provides no explanation for why she finds Dr. Obimba's opinions are based, in

6    part, on Plaintiff's self-reports. *See* AR 895. She also does not find the opinions are based "to a

7    large extent" on Plaintiff's self-reports. *See* AR 895; *Tommasetti*, 533 F.3d at 1041 (opinion

8    must be based "to a large extent" on self-reports to be rejected). In reaching her opinions, Dr.

9    Obimba noted she had been Plaintiff's primary care provider for three years, recognized

10   Plaintiff's treatment and medications, and the record contains treatment notes and objective

11   testing from the medical clinic where Dr. Obimba practices. There is no indication from the

12   record that Dr. Obimba based her opinion "to a large extent" on Plaintiff's self-reports. As the

13   ALJ has not properly explained how Dr. Obimba's opinions are based "to a large extent" on

14   Plaintiff's self-reports, the Court finds this is not a specific and legitimate reason supported by

15   substantial evidence for giving little weight to Dr. Obimba's opinions. *See Ghanim*, 763 F.3d

16   1162 (finding the ALJ did not provide a specific and legitimate reason for discounting a doctors'

17   opinions when the ALJ offered no basis for his conclusion that the opinions were based more

18   heavily on claimant's self-reports and substantial evidence does not support such a conclusion).

19        For the above stated reasons, the Court concludes the ALJ failed to provide specific,

20   legitimate reasons supported by substantial evidence for assigning little weight to Dr. Obimba's

21   opinions. Accordingly, the ALJ erred.

22        "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

23   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

24

1  claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

2  *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

3  F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless

4  unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony,

5  could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

6  (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is

7  harmless requires a "case-specific application of judgment" by the reviewing court, based on an

8  examination of the record made "'without regard to errors' that do not affect the parties'

9  'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

10  407 (2009)).

11     Had the ALJ given great weight to Dr. Obimba's opinions, the ALJ may have found

12  Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Obimba found

13  Plaintiff was unable to sustain full-time employment and would not be able to work two

14  consecutive days in a row. AR 1912. The ALJ found there were jobs in the national economy

15  Plaintiff can perform. *See* AR 895-97. The ALJ also did not find Plaintiff was limited in her

16  ability to attend work. *See* AR 887. Therefore, if Dr. Obimba's opinions were given great weight,

17  the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not

18  harmless and require reversal.

19      2. Dr. Davis

20     Dr. Davis, a psychologist who examined Plaintiff on a few occasions, wrote Plaintiff a

21  letter with attached medical records on January 21, 2011. AR 866-74. Dr. Davis diagnosed

22  Plaintiff with major depression, recurrent, and pain disorder with probable borderline

23  personality disorder. AR 867. He noted the disabling nature of Plaintiff's difficulties was made

24

1  more obvious by Plaintiff's behavior of visiting Dr. Davis's office during another patient's

2  appointment. AR 867. Dr. Davis also found some of Plaintiff's inability to remain compliant

3  with appointments was due to her psychological difficulties. AR 867. He opined Plaintiff's

4  global assessment of functioning ("GAF") score was 50. AR 867.

5        The ALJ assigned little weight to Dr. Davis's opinion because the opinion is: (1)

6  "inconsistent with the objective clinical findings, the claimant's longitudinal treatment history,

7  and her performance on physical and mental examinations;" and (2) based, in part, on Plaintiff's

8  self-reports. AR 892-95.

9        First, as with Dr. Obimba, the ALJ stated Dr. Davis's opinion is "inconsistent with the

10  objective clinical findings, the claimant's longitudinal treatment history, and her performance on

11  physical and mental examinations." AR 894.[3] As the Court explained above, an ALJ need not

12  accept an opinion which is inadequately supported by the record or inconsistent with the record.

13  *See Batson*, 359 F.3d at 1195. However, a conclusory finding by the ALJ is insufficient to reject

14  the opinion. *See Embrey*, 849 F.2d at 421-22. In this case, the ALJ simply offered her conclusion

15  that the records were inconsistent with Dr. Davis's opinion and then provided a list of medical

16  evidence. *See* AR 894. The ALJ failed to provide her interpretation of the evidence and did not

17  provide any explanation as to how Dr. Davis's opinion was contradicted by the cited evidence.

18  *See* AR 894. Without more, the ALJ has failed to meet the level of specificity required, and the

19  ALJ's conclusory finding that Dr. Davis's opinion is "inconsistent with the objective clinical

20  findings, the claimant's longitudinal treatment history, and her performance on physical and

21  mental examinations" not sufficient to discount the opinion. *See Garrison*, 759 F.3d at 1012-13.

22

23        [3] The ALJ provided this same reason for discounting the opinions of Drs. Obimba, Davis, and Andersen, and Ms. Chang. *See* AR 894. The ALJ stated she was discounting the opinions of several medical professionals for

24  this reason and then provided the listed medical records to support her conclusory statement. *See* AR 894.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

1    Second, the ALJ discounted Dr. Davis's opinion because it was based, in part, on

2  Plaintiff's self-reports. AR 894. As with the first reason, the ALJ provided this second reason in

3  a single sentence to discount the opinions of Drs. Obimba, Davis, Andersen, and Ms. Chang. AR

4  895. As stated above, an ALJ may reject a physician's opinion "if it is based 'to a large extent'

5  on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533

6  F.3d at 1041. The ALJ again provides no explanation for why she finds Dr. Davis's opinion is

7  based, in part, on Plaintiff's self-reports. *See* AR 895. She also does not find the opinion as based

8  "to a large extent" on self-reports. *See* AR 895. Further, in reaching his opinion, Dr. Davis

9  reviewed Plaintiff's medical history, observed Plaintiff, and conducted a psychological interview

10  and MMPI-2[4] examination. *See* AR 886-74. Dr. Davis did not discredit Plaintiff's subjective

11  reports, and supported his ultimate opinion with personal observations, a psychological

12  interview, and objective testing. The Court finds Dr. Davis's opinion was not more heavily based

13  on Plaintiff's self-reports. As the ALJ's finding was conclusory and as Dr. Davis's opinion was

14  not more heavily based on Plaintiff's self-reports, the ALJ's second reason for discounting Dr.

15  Davis's opinion is not specific and legitimate and supported by substantial evidence. *See Buck v.*

16  *Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (finding a clinical interview and mental status

17  evaluation are objective measures and cannot be discounted as a "self-report").

18    The Court concludes the two reasons provided by the ALJ for assigning little weight to

19  Dr. Davis's opinion are not specific and legitimate and supported by substantial evidence.

20  Accordingly, the ALJ erred in her consideration of Dr. Davis's opinion. Had the ALJ properly

21  considered Dr. Davis's opinion, the RFC and hypothetical question posed to the vocational

22

23

24  [4] The Minnesota Multiphasic Personality Inventory -2 ("MMPI-2") is a psychological test that assesses personality traits and psychopathology.

1  expert may have included additional limitations, such as absenteeism. As the ultimate disability

2  decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

3         3.  <u>Dr. Andersen</u>

4        Dr. Andersen, a consultative examining psychiatrist, completed two psychiatric reports

5  regarding Plaintiff. AR 1404-12, 1742-48. In the first report, completed on January 13, 2015, Dr.

6  Andersen diagnosed Plaintiff with depressive disorder, not otherwise specified ("NOS"), anxiety

7  disorder, NOS, pain disorder associated with psychological factors and medical conditions, and

8  marijuana abuse. AR 1747. Dr. Andersen opined that, if Plaintiff found employment, there would

9  be a great deal of absenteeism due to pain complaints. AR 1748. She also found Plaintiff would

10  report marked difficulty focusing on tasks and completing tasks related to the intrusion of her

11  pain, she would be inconsistent in her ability to appropriately participate in relations with others

12  in the workplace, and her stress tolerance would be markedly reduced. AR 1748.

13        On January 21, 2016, Dr. Andersen completed the second psychiatric report. AR 1404-

14  12. She again diagnosed Plaintiff with unspecified depressive disorder, unspecified anxiety

15  disorder, somatic symptom disorder with predominant pain, and marijuana abuse. AR 1408. Dr.

16  Andersen found Plaintiff was in optimal mental health treatment and had no other

17  recommendations for treatment. AR 1409. She stated her recommendations were essentially the

18  same as the previous evaluation. AR 1409.

19        Dr. Andersen opined Plaintiff would have absenteeism related to pain, difficulty focusing

20  on tasks and completing tasks in a timely fashion, and her preoccupation with her pain

21  experience would likely predominate in interactions with others in the workplace. AR 1409. Dr.

22  Andersen found Plaintiff moderately limited in her ability to understand and remember complex

23  instructions, carry out complex instructions, interact appropriately with the public, and respond

24

1 | appropriately to usual work situations and changes in a routine work setting. AR 1410-11. She

2 | also found Plaintiff has mild limitations in her ability to carry out simple instructions, make

3 | judgments on complex work-related decisions, and interact appropriately with supervisors and

4 | co-workers. AR 1410-11.

5 |      The ALJ assigned little weight to Dr. Andersen's opinions because the opinions: (1) "are

6 | inconsistent with the objective clinical findings, the claimant's longitudinal treatment history,

7 | and her performance on physical and mental examinations;" (2) are equivocal; and (3) relied on

8 | Plaintiff's self-reports. AR 892-95.

9 |      First, the ALJ discounted Dr. Andersen's opinions because the opinions "are inconsistent

10 | with the objective clinical findings, the claimant's longitudinal treatment history, and her

11 | performance on physical and mental examinations." AR 894. As the Court has explained, in this

12 | case, the ALJ has not adequately explained how the cited evidence is inconsistent with the

13 | medical opinions the evidence is being used to discount. *See* Section I.A.1 & 2, *supra*. While the

14 | ALJ referenced Dr. Andersen's findings in the evidence, she provided no explanation linking her

15 | conclusion that the evidence is inconsistent with Dr. Andersen's opinions to Dr. Andersen's

16 | opinions. As with Drs. Obimba and Davis, the ALJ's first reason for discounting Dr. Andersen's

17 | opinions is conclusory and insufficient.

18 |      Second, the ALJ stated Dr. Andersen's "opinion is equivocal and does not define the

19 | most the claimant can do." AR 895. Dr. Andersen completed a Medical Source Statement,

20 | wherein she found Plaintiff would have mild to moderate functional limitations as a result of her

21 | depressive disorder, anxiety disorder, and pain experiences. AR 1410-11. Dr. Andersen also

22 | found Plaintiff would have absenteeism, if she were employed, and noted difficulties in

23 | concentration and pace. AR 1409, 1748. The ALJ fails to explain how these limitations are

24 |

1   equivocal. AR 895. Further, the Court finds these limitations can be included in an RFC

2   assessment. Therefore, the ALJ's second reason for giving little weight to Dr. Andersen's

3   opinions is not specific and legitimate and supported by substantial evidence.

4          Third, the ALJ discounted Dr. Andersen's opinions because the opinions were based on

5   Plaintiff's self-reports. AR 895. The ALJ found that, "[w]hile Dr. Andersen noted that the

6   claimant was focused on her pain issues, other records indicate that she was focused on getting

7   Social Security benefits, which would necessitate her being focused on pain issues so that it was

8   documented." AR 895. The ALJ also stated that "Dr. Andersen relied on the claimant's

9   subjective complaints, which are inconsistent with the majority of her longitudinal treatment

10  records and her daily activities." AR 895.

11         Initially, the Court finds the ALJ's third reason for discounting Dr. Andersen's opinions

12  is conclusory. The ALJ fails to cite to any records supporting her assertion that Plaintiff was

13  deceptive regarding her pain or that her complaints were inconsistent with the longitudinal

14  treatment records and her daily activities. *See* AR 895. As the ALJ did not adequately explain or

15  support her findings, this is not a sufficient reason to discount Dr. Andersen's opinions. *See*

16  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the

17  reasoning behind its decisions in a way that allows for meaningful review"); *Blakes*, 331 F.3d at

18  569.

19         Furthermore, in reaching her opinions, Dr. Andersen conducted clinical interviews,

20  observed Plaintiff, and conducted mental status examinations. *See* AR 1404-12, 1742-48. Dr.

21  Andersen did not discredit Plaintiff's subjective reports, including her pain reports, and

22  supported her ultimate opinions with objective testing, personal observations, and clinical

23  interviews. The Court finds Dr. Andersen's opinions were not more heavily based on Plaintiff's

24

1   self-reports. Therefore, the ALJ's third reason for giving little weight to Dr. Andersen's opinions

2   is not specific and legitimate and supported by substantial evidence. *See Buck*, 869 F.3d at 1049.

3         The Court concludes the three reasons provided by the ALJ for assigning little weight to

4   Dr. Andersen's opinions are not specific and legitimate and supported by substantial evidence.

5   Accordingly, the ALJ erred in her consideration of Dr. Andersen's opinions. Had the ALJ

6   properly considered Dr. Andersen's opinions, the RFC and hypothetical question posed to the

7   vocational expert may have included additional mental limitations. As the ultimate disability

8   decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

9         B.  *Other Medical Sources*

10        Plaintiff also argues the ALJ failed to properly consider the opinions of Ms. Chang,

11  Plaintiff's treating physician's assistant. Dkt. 13, pp. 13-14. The Court concludes the ALJ

12  committed harmful error in assessing the opinions of Drs. Obimba, Davis, and Andersen and this

13  case must be remanded for further consideration of the medical evidence. *See* Section I.A.,

14  *supra*. As this case must be remanded, the Court declines to consider whether the ALJ erred in

15  consideration of Ms. Chang's opinions. Rather, the Court finds the ALJ should re-evaluate all the

16  medical opinion evidence, including Ms. Chang's opinions, on remand.

17        **II.     Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.**

18

19        Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting

    Plaintiff's testimony about her symptoms and limitations. Dkt. 13, pp. 3-9. The Court concludes

20  the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate

21  all the medical opinion evidence on remand. *See* Section I, *supra*. Because the ALJ's

22  reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective

23  testimony, on remand, the ALJ must reconsider Plaintiff's subjective testimony.

24

1     **III.    Whether the case should be remanded for an award of benefits.**

2     Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

3 Dkt. 13, p. 18. The Court may remand a case "either for additional evidence and findings or to

4 award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the

5 Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand

6 to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

7 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

8 determining when evidence should be credited and an immediate award of benefits directed[.]"

9 *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded

10 where:

11         (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
        claimant's] evidence, (2) there are no outstanding issues that must be resolved

12         before a determination of disability can be made, and (3) it is clear from the
        record that the ALJ would be required to find the claimant disabled were such

13         evidence credited.

14 *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

15     The Court has determined, on remand, the ALJ must re-evaluate the medical opinion

16 evidence and Plaintiff's subjective symptom testimony to determine if Plaintiff is capable of

17 performing jobs existing in significant numbers in the national economy. Therefore, there are

18 outstanding issues which must be resolved and remand for further administrative proceedings is

19 appropriate.

20                          CONCLUSION

21     Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

22 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

23

24

1   this matter is remanded for further administrative proceedings in accordance with the findings

2   contained herein.

3          Dated this 23rd day of July, 2018.

4

5                                                    _____
                                                     David W. Christel
6                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24